## Salaries of Board and Commission Members

DAVID STAHL, Attorney General, October 25, 1961.

—This office is in receipt of requests for advice concerning the eligibility of members of certain boards and commissions who were appointed before the effective date of the Act of September 2, 1961, P. L. 1177 to receive the increased compensation provided therein. The Act of September 29, 1961, P. L. 1738, also changes the compensation of members of the Board of Arbitration of Claims from a per diem to a salary basis.

In view of the broad impact of this legislation, we direct our opinion to your offices rather than submit a separate opinion to each affected agency.

Section 13 of article III of the Pennsylvania Constitution provides that:

"No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment."

In the passage of act no. 525, the General Assembly recognized the constitutional bar implicit in statutory increases in compensation. Section 4 states:

"This act shall take effect as soon as permissible under the provisions of the Constitution of Pennsylvania."

The applicability of the above constitutional prohibition raises the following questions:

I. Which of the officers granted salary increases by the above acts are "public officers" whose salaries may not be increased after their appointment?

II. Does article III, sec. 13, of the Constitution of Pennsylvania apply to "public officers" paid on a per diem basis?

III. When does the "appointment" of a board or commission member become effective?

IV. Does the constitutional prohibition apply to "public officers" whose fixed terms have expired and who are holding over under authority of law?

I. *"Public officers" included within article III, sec. 13, of the Pennsylvania Constitution.*

The Supreme Court of Pennsylvania has concluded that state officials whose functions are predominantly legislative are not "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution, and within article VI, sec. 4, of the Pennsylvania Constitution dealing with the removal of "public officers".

For example, in Commonwealth ex rel. Attorney General v. Benn, 284 Pa. 421, 131 Atl. 253 (1925), a removal case, the court held that the Public Service Commission (now the Public Utility Commission) was, in effect, a committee created by the legislature to carry out a certain part of its work, that the commissioners were deputies of the General Assembly to perform legislative duties, and, hence, they were not "public officers." In 1950, the then Attorney General, under the authority of the Benn case, held that the members of the Public Utility Commission were not "public officers" under article III, sec. 13, of the Pennsylvania Constitution: Public Utility Commissioners' Salaries, 73 D. & C. 447 (1950).

In Snyder v. Barber, 378 Pa. 377, 106 A. 2d 410 (1954), which involved the identical question herein considered, it was held that the members of the Milk Control Commission were not "public officers" because of the complete similarity between that commission and the Public Utility Commission. Both the Benn and Snyder cases hold that ratemaking is a legislative prerogative existing under the police power, and its exercise is a legislative function. The import of these cases is that where the functions of an agency are primarily legislative, its members are not "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution.

In determining the applicability of article III, sec. 13, of the Pennsylvania Constitution, we will discuss the boards and commissions individually in the order in which they appear in the above acts.

## Pennsylvania Board Of Parole

In Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 587, 28 A. 2d 897, 901 (1942), the Supreme Court stated that:

". . . The granting of parole and the supervision of parolees are purely administrative functions, and accordingly may be entrusted by the legislature to non-judicial agencies. . ."

By letter dated January 4, 1955, the then attorney general advised the auditor general that article III, sec. 13, of the Pennsylvania Constitution applies to members of the Board of Parole and that they are not entitled to salary increases granted after their appointment.

We conclude that the Board of Parole is an administrative tribunal which does not perform essentially legislative functions and that its members are "public officers" within the inhibition of article III, sec. 13, of the Pennsylvania Constitution.

## Milk Control Commission

The members of the Milk Control Commission are not "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution, on the authority of Snyder v. Barber, supra.

## Pennsylvania Liquor Control Board

By letter dated January 4, 1955, the then Attorney General advised the Auditor General that the members of the Liquor Control Board were *not* "public officers" within article III, sec. 13, of the Pennsylvania Constitution. The Attorney General reviewed the duties of the Liquor Control Board in terms of its

statutory functions and the authority granted to the State Legislature by the twenty-first amendment to the Federal Constitution. He concluded that the duty of the board to fix the prices at which it bought and sold liquor brought it within the scope of Snyder v. Barber, supra, decided June 28, 1954, which held that the Milk Control Commission members were agents or deputies of the legislature and, therefore, not "public officers".

The price-fixing powers of the Pennsylvania Liquor Control Board were further broadened and extended by the enactment of act no. 495, approved August 23, 1961. This act declares that the offer or sale of malt or brewed beverages in the Commonwealth of Pennsylvania by distributors or importing distributors at less than cost shall be unfair competition. The Liquor Control Board is empowered to determine a mark-up to cover the cost of doing business in any geographical marketing area to effectuate the purposes of the 1961 act.

In Horn's Motor Express, Inc., v. Pennsylvania Public Utility Commission, 148 Pa. Superior Ct. 485, 26 A. 2d 346 (1942), the Superior Court held that in granting certificates of public convenience, the Public Utility Commission performs a purely legislative function.

Section 501 of the Liquor Code, of April 12, 1951, P. L., 90, 47 PS §5-501, confers similar authority on the Liquor Control Board in providing that no person may transport for hire any alcohol or liquor, within the Commonwealth of Pennsylvania, unless licensed by the board. The granting of such license appears to be a legislative function similar to the issuance of a certificate of public convenience by the Public Utility Commission.

By virtue of the twenty-first amendment to the Federal Constitution, the power of the General Assembly actually is greater with respect to the liquor

industry than in regard to the public utility business or the milk industry. The legislature could, under that authority, prohibit entirely the use and traffic of alcoholic beverages within the Commonwealth. It could not declare it unlawful to engage in the public utility business or milk production.

Control of the liquor monopoly being under the absolute dominance of the legislature, liquor pricing and determination of minimum retail charges being comparable to the price fixing function of the Milk Control Commission, and licensing for transportation of liquor being analogous to the issuance of a certificate of public convenience, we conclude that Liquor Control Board members are performing essentially legislative functions, and thus are not "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution.

### Pennsylvania Turnpike Commission

In Watson v. Pennsylvania Turnpike Commission, 386 Pa. 117, 125 A. 2d 354 (1956), the Supreme Court refused to accept the contention that members of the Pennsylvania Turnpike Commission were not "public officers." The Watson case involved the power of the Governor to remove a "public officer" under article VI, sec. 4, of the Pennsylvania Constitution rather than any question under article III, sec. 13, of the Pennsylvania Constitution. The court determined that the Turnpike Commission did not exercise such legislative functions as to bring it within the ruling of the Benn any Snyder cases.* On this basis we have determined that members of the Turnpike Commission are "public officers" under the constitutional provision in issue.

* See Delaware River Joint Toll Bridge Commission v. Carver, 399 Pa. 545, 160 A. 2d 425 (1960), where the court held that members of that agency were "public officers."

### State Tax Equalization Board

In Glen Alden Coal Company v. State Tax Equalization Board, 367 Pa. 63, 67, 79 A. 2d 645, 647 (1951), the Supreme Court held ". . . that the Board is a legislative device used to bring about uniformity in valuations used in determining state subsidies to school districts. . . ." The function of the board is purely one of fact finding and its purposes is solely to assist the legislature in computing school subsidies.

On January 5, 1955, the then Attorney General advised the Auditor General that the State Tax Equalization Board acts as a legislative agency, and the members of the board are not "public officers" and are entitled to salary increases granted after their appointment.

We conclude that the members of the State Tax Equalization Board are not "public officers" and, consequently, are not within the prohibition of article III, sec. 13, of the Pennsylvania Constitution.

### Pennsylvania Labor Relations Board

In Smiley v. Heyburn, 389 Pa. 594, 133 A. 2d 806 (1957), members of the Pennsylvania Labor Relations Board were expressly held to be "public officers" under article III, sec. 13, of the Pennsylvania Constitution. The court said that:

". . . In view of the predominant quasi-judicial functions of the Pennsylvania Labor Relations Board, it cannot be said that it functions merely as an adjunct of the Legislature . . .": 389 Pa. at 598, 133 A. 2d, at 808.

### Pennsylvania Securities Commission

Section 202 of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §62, establishes the Pennsylvania Securities Commission as a departmental commission within the Department of Banking.

Since it operates as an administrative arm of the Department of Banking, an administrative department of the State government, we conclude that the members of this commission are "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution.

### Workmen's Compensation Board

In Schwing v. Barber, 14 D. & C. 2d 357 (hereinafter discussed in connection with Workmen's Compensation Referees), the Workmen's Compensation Board was held to perform quasijudicial duties in reviewing decisions of workmen's compensation referees. Based on this decision, and on the authority of Smiley v. Heyburn, supra, we conclude that members of the Workmen's Compensation Board are "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution.

### Unemployment Compensation Board of Review

The Unemployment Compensation Board of Review is designated as a departmental administrative board by section 202 of The Administrative Code of April 9, 1929, as amended, supra. Its functions are similar to those of the Workmen's Compensation Board, and, therefore, we conclude that its members are "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution.

### Workmen's Compensation Referees

In Schwing v. Barber, supra, it was held specifically that workmen's compensation referees are "public officers" and are not entitled to salary increases granted after their appointment.

### Other Boards And Commissions

We have reviewed the powers and duties of all of the other agencies included in acts nos. 525 and 705,

not heretofore considered in this opinion, and have determined that the functions performed are principally administrative and quasijudicial. We conclude, therefore, that the members of the following boards and commissions are "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution:

State Civil Service Commission
State Board of Funeral Directors
Mine Inspectors' Examining Board for the Bituminous Coal Mines of Pennsylvania
Anthracite Mine Inspectors Examining Board
Sanitary Water Board
Industrial Board
Advisory Health Board
Advisory Council on Affairs of the Handicapped
Wage Boards Established by Secretary of Labor and Industry
Pennsylvania Fair Employment Practices Commission (now Human Relations Commission)
The Anthracite Miners' Examining Board
The Bituminous Miners' Examining Board
State Board of Medical Education and Licensure
State Board of Pharmacy
State Dental Council and Examining Board
State Board of Optometrical Examiners
State Board of Osteopathic Examiners
State Board of Nurse Examiners
State Board of Veterinary Medical Examiners
State Board of Examiners of Public Accountants
State Board of Examiners of Architects
State Registration Board for Professional Engineers
State Real Estate Commission
State Board of Private Academic Schools
State Board of Private Business Schools
State Board of Private Trade Schools

State Board of Private Correspondence Schools
State Board of Cosmetology
State Board of Chiropractic Examiners
State Board of Barber Examiners
State Board of Chiropody Examiners
Board of Arbitration of Claims (Act No. 705)

## II. *Per Diem Compensation*

Article III, sec. 13, of the Constitution prohibits increases in "salary or emoluments." The case of Commonwealth ex rel. Wolfe v. Butler, 99 Pa. 535 (1882), declared the term "salary" to include per diem compensation. In Johnson v. Delaware County, 34 D. & C. 23 (1938), "per diem" was held to be included within the meaning of the term "emoluments."

Consequently, an increase in per diem compensation, or a change from per diem compensation to an annual salary as in the case of act no. 705 dealing with the Board of Arbitration of Claims, is prohibited by article III, sec. 13, of the Pennsylvania Constitution.

## III. *Effective Date of Appointment*

An appointment becomes effective when confirmed by the State Senate regardless of the date when the appointee qualifies for and enters upon the duties of his office: Commonwealth v. D. J. Waller, Jr., 145 Pa. 235, 23 Atl. 382 (1892); Salary Increases of Public Officers, 67 D. & C. 530 (1949).

## IV. *Public Officers Holding Over*

In most instances, a public officer whose fixed term of office has expired continues in office, or "holds over," until his successor has been appointed and qualified. It is our opinion that the holding over is a continuation of the original term, and that article III, sec. 13, of the Pennsylvania Constitution is applicable to bar an increase during such period. See 67 C. J. S., Officers, §48c.

## Conclusion

It is our opinion that:

1. Members of the Milk Control Commission, the Pennsylvania Liquor Control Board and the State Tax Equalization Board are not "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution, and are entitled to the salary increases provided under act no. 525 of the 1961 session of the General Assembly.

2. Members of the Pennsylvania Board of Parole, the Pennsylvania Turnpike Commission, the Pennsylvania Labor Relations Board, the Pennsylvania Securities Commission, the Workmen's Compensation Board and the Unemployment Compensation Board of Review, and workmen's compensation referees are "public officers" within the meaning of article III, sec. 13, of the Pennsylvania Constitution, and are not entitled to salary increases granted after their appointment by the provisions of act no. 525 of the 1961 session of the General Assembly.

3. Members of all the boards and commissions granted increases in per diem compensation under act no. 525 of the 1961 session of the General Assembly are "public officers," and are not entitled to such increases in per diem compensation granted after their appointment.

4. Members of the Board of Arbitration of Claims are not entitled to receive a fixed salary in lieu of per diem compensation subsequent to their appointment, as provided by act no. 705 of the 1961 session of the General Assembly.

5. The appointment of members of the various boards and commissions is complete when confirmed by the Senate.

6. The prohibition in article III, sec. 13, of the Pennsylvania Constitution is also applicable to "pub-

lic officers" whose fixed terms have expired and who are holding over under the authority of law. The period of holding over is considered to be a continuation of the original appointment.

We are transmitting a copy of this opinion to the chairman of each of the various boards and commissions mentioned herein.